## JAS. A. MITCHELL'S ADMR. *v.* RAY & CO.'S ASSIGNEE.

[Abstract Kentucky Law Reporter, Vol. 3—754.]

**Statute of Frauds.**

Allegations in a petition showing that the testator simply promised to pay the debt of another and paid part of it are not sufficient to constitute a cause of action, the promise being verbal and within the statute of frauds and perjuries.

### APPEAL FROM HANCOCK CIRCUIT COURT.

April 1, 1882.

OPINION BY JUDGE HARGIS:

The only allegation of the petition relative to appellant's testator is that "he assumed to pay said note and in pursuance of said assumpsit did on the 16th day of August, 1873, pay to said Ray & Company on said note the sum of $755 as appears by a credit indorsed on the back of said note."

The question presented by this appeal is whether the averment quoted states a cause of action against the appellant's testator. There is no consideration alleged on which the as-

sumpsit is based.   And the allegations show that the testator
simply promised to pay the debt of another and paid part of it,
which is insufficient to constitute a cause of action, the promise
being verbal and within the statute of frauds and perjuries.

It was not necessary or proper to make a motion in the court
below to set aside or modify the judgment before taking this
appeal, because the judgment was not void, nor could it have
been set aside or modified by the court after the term during
which it was rendered.   Civ. Code (1876), § 763.    The judgment
was erroneous but after the term had expired it would have
been enforcible had the appellant failed to appeal.

Wherefore the judgment is *reversed* and cause remanded for
further proper proceedings.

*W. S. Roberts, for appellant.*